UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>    CLARE HOUSE BUNGALOW<br>    HOMES, LLC,<br><br>                          Debtor. | NO: CV-11-158-RMP<br><br>Bankruptcy No: 09-4651-PCW11<br><br>Adversary No: 09-80164-PCW11 |
| CLARE HOUSE BUNGALOW<br>HOMES RESIDENTS ASSOCIATION,<br><br>                          Plaintiff,<br><br>vs.<br><br>CLARE HOUSE BUNGALOW<br>HOMES, L.L.C., a Washington limited<br>liability company; JOHN H. CAUDILL<br>and LUCILLE J. CAUDILL, as Trustees<br>for the CAUDILL LIVING TRUST<br>dated November 1, 2000; WANELL J.<br>BARTON, as Trustee for the WANELL<br>J. BARTON FAMILY TRUST dated<br>May 7, 1998 and any amendments;<br>DIRK A. CAUDILL and LAUREN C.<br>CAUDILL, as Trustees of the CAUDILL<br>FAMILY TRUST dated September 11,<br>2002; EARL L. BOETTCHER and | ORDER DENYING<br>RESPONDENTS' MOTION TO<br>DISMISS APPEAL AS MOOT |

ORDER DENYING RESPONDENTS' MOTION TO DISMISS APPEAL AS MOOT ~ 1

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10<br>11<br>12 | MARY C. BOETTCHER, as Trustees for the BOETTCHER FAMILY TRUST dated May 12, 1992; KERMIT B. WILLIAMS and BELVA M. WILLIAMS, husband and wife; LARRY LOUTHERBACK and SHANNA LOUTHERBACK, as Trustees of the LOUTHERBACK FAMILY TRUST dated February 9, 2001; DALE WALKER and CAROL WALKER, husband and wife; and JOHN P. GLEESING, an individual; PETER J. NOE; LLOYD ROSS and BONNIE GUTHRIE-ROSS; KEVIN BLANCHAT; BLACKSTONE CORPORATION; and IBEX FLOORING, LLC; also all other persons or parties unknown claiming any right, title, estate, lien, or interest in the real estate described in the complaint herein,<br><br>                              Defendants. |

This matter comes before the Court on the Respondents' Motion to Dismiss Appeal as Moot, ECF No. 14. The Court has reviewed the motion, the relevant filings, the pleadings, and the file and is fully informed.

### *Facts and Procedural History*

This action concerns the relative interests of persons claiming rights to land previously owned by Clare House Bungalow Homes, LLC ("Clare House"), debtor in the underlying bankruptcy action.

ORDER DENYING RESPONDENTS' MOTION TO DISMISS APPEAL AS MOOT ~ 2

Clare House is best described as an assisted living facility. Clare House owned and managed 28 bungalows built upon the property at issue. Residents much be 55 years of age or older to occupy a bungalow. Each bungalow resident entered into a "Resident Agreement" with Clare House, whereby the resident agreed to pay a lump sum to occupy the bungalow and use the common areas of the property until the resident's death or a point when they become physically unable to care for themselves. At that time, Clare House would market the bungalow to other persons and some percentage of the lump sum paid by the prior resident, typically 80%, is returned to the resident's estate. ECF No. 5-33, at 1-2.

Helene M. Raun and Chester E. Raun signed a Resident Agreement with Clare House on August 2, 2000. ECF No. 8-25. Per the terms of the Agreement, the Rauns paid a $132,500 occupancy fee for the bungalow. ECF No. 8-25, at 3. By an addendum agreement dated March 20, 2002, Clare House and the Rauns agreed that, upon termination of the agreement, the Rauns would be entitled to the greater amount of 85% of the occupancy fee they paid for the bungalow or 85% of the occupancy fee paid by their immediate successor in the bungalow. ECF No. 8-25, at 14. The Rauns recorded their Resident Agreement on December 20, 2001. ECF No. 5-18, at 8. Helene M. Raun and the Estate of Chester E. Raun ("the Rauns") are Appellants in this action.

ORDER DENYING RESPONDENTS' MOTION TO DISMISS APPEAL AS MOOT ~ 3

Clare House became burdened by numerous deeds of trust over the years. A group of investors known as the Caudill Investors secured the first deed of trust on the land ("the Caudill Deed of Trust"). The Caudill Investors consist of (1) the Caudill Living Trust; (2) Jim and Wanell Barton; (3) the Caudill Family Trust; (4) the Boettcher Family Trust; (5) Kermit and Belva Williams; (6) the Loutherback Living Trust; and (7) Dale and Carol Walker. The Caudill Investors executed and recorded the Caudill Deed of Trust on November 24, 2004, re-recorded it on December 22, 2004, and modified it on April 8, 2005, with recording of the same on April 11, 2005. ECF No. 5-33, at 2. The Caudill Investors are Respondents in this action. The other deeds of trust are junior to the Caudill Deed of Trust and are not germane to the present controversy.

Some residents of Clare House, including the Rauns, entered into and recorded their Resident Agreements before the Caudill Investors secured and recorded the Caudill Deed of Trust. ECF No. 5-18, at 8. A second group of residents entered into Resident Agreements before the Caudill Deed of Trust was recorded, but did not record their agreements. A third group of residents entered into Resident Agreements after the Caudill Deed of Trust was recorded and did not record their agreements. ECF No. 33, at 6.

With the land so encumbered, twenty-four residents of Clare House bungalows formed the Clare House Bungalow Homes Residents Association ("the

ORDER DENYING RESPONDENTS' MOTION TO DISMISS APPEAL AS MOOT ~ 4

1  Association") to utilize common representation of their interests in litigation.  ECF

2  No. 4-3, at 2.  The Rauns were members of the Association.  ECF No. 31, at 2.

3     On February 3, 2009, the Association filed an action in Spokane County

4  Superior Court to quiet title in the property previously held by Clare House.  The

5  Association named as defendants Clare House, the Caudill Investors, John P.

6  Gleesing, Trustee for the Caudill Deed of Trust, and the other holders of deeds of

7  trust on the Clare House property and their respective trustees.  ECF No. 4-3.  The

8  Association sought a ruling that its residents held superior title to the land and that

9  the defendants and their successors in interest were bound by the terms of the

10  Resident Agreements.  The Association further sought to restrain a planned

11  foreclosure on the Caudill Deed of Trust.  ECF No. 4-3, at 9.

12     On the same day that the Association filed suit in superior court, it also filed

13  a lis pendens and recorded it in the Office of the Recorder for Spokane County.

14  ECF No. 22-1.  On August 4, 2009, the Association further entered into a

15  stipulation with counsel for the Caudill Investors and Trustee John P. Gleesing.

16  ECF No. 22-2.  The stipulation provided that the Association would not seek to

17  restrain a trustee's sale scheduled for August 21, 2009.  In return, the Caudill

18  Investors agreed that the Association reserved all of its claims and defenses, and

19  that the Caudill Investors would not assert that the sale of the property at the

20  trustee's sale operated as a defense to the Association's claims.  ECF No. 22-2.  By

ORDER DENYING RESPONDENTS' MOTION TO DISMISS APPEAL AS MOOT ~ 5

1  its terms, the stipulation appears to apply until the trustee's sale scheduled for

2  August 21, 2009, occurred, or until any continued date set by the Trustee." ECF

3  No. 22-2, at 4.

4  On August 20, 2009, Clare House filed for Chapter 11 bankruptcy. In

5  conjunction with the bankruptcy proceeding, the Association's quiet title

6  proceeding was removed from superior court to the jurisdiction of the bankruptcy

7  court. ECF No. 5-18, at 1-2.

8  The bankruptcy court adjudicated the rights of the parties by memorandum

9  decisions dated December 14, 2010, and March 11, 2011, and by entry of an Order

10 and Judgment dated March 8, 2011. ECF Nos. 5-18; 5-33; 16-1.

11 In its first memorandum decision, the bankruptcy court entered summary

12 judgment regarding the rights of the first group of residents, who entered into and

13 recorded their Resident Agreements before the Caudill Deed of Trust was

14 recorded. ECF No. 5-18. The Rauns were included in this first group of residents.

15 ECF No. 5-18, at 2. The bankruptcy court determined that the property rights of

16 these residents were superior to the rights of the Caudill investors and the holders

17 of all other deeds of trust obtained thereafter. ECF No. 5-18, at 8-9. The

18 bankruptcy court further determined that the property rights enjoyed by the first

19 group of residents included the right to occupancy and possession of the property.

20 ECF No. 5-18, at 4-5. However, the court concluded that the obligation to

ORDER DENYING RESPONDENTS' MOTION TO DISMISS APPEAL AS MOOT ~ 6

reimburse a percentage of the occupancy fee was not a property right, but rather a contractual obligation between each resident and Clare House. ECF No. 5-18, at 5.

The bankruptcy court issued its second memorandum decision following trial held on January 24 and 25, 2011. In that memorandum, the bankruptcy court determined that the property rights of the other two groups of residents also were superior to the rights of the holders of the deeds of trust, because the lienholders were charged with inquiry notice of the residents' interests in the property. ECF No. 5-33, at 8-9. The bankruptcy court issued a judgment stating that every resident's right to occupancy and possession was superior to the interests of all defendants, but that every resident's right to reimbursement of a portion of the occupancy fee was a personal contract right between the resident and Clare House. ECF No. 16-1, at 4-5.

The Association sought review of the bankruptcy court's decisions in this Court. The Association contended that any successors in interest to Clare House should be bound to the obligation to reimburse a percentage of the occupancy fees, in addition to the property rights identified by the bankruptcy court. ECF No. 7. The Caudill Investors were the only defendants to respond to the Association's appeal. The Caudill Investors urged this Court to uphold the bankruptcy court's rulings in all respects. ECF No. 10.

ORDER DENYING RESPONDENTS' MOTION TO DISMISS APPEAL AS MOOT ~ 7

1    On September 30, 2011, after the Association's appeal to this Court, the
2  Caudill Investors conducted a trustee's sale of the Clare House property.  The
3  Caudill Investors were the successful bidder at the sale.  ECF No. 16-2.  Following
4  the trustee's sale, the Caudill Investors filed the instant Motion to Dismiss Appeal
5  as Moot, ECF No. 14.

6    After the briefing was completed on the motion to dismiss, the Association
7  filed a Motion to Re-Designate Real Parties in Interest, ECF No. 24.  The
8  Association explained that all of the parties to the action had reached a settlement,
9  with the exception of the Rauns.  Thus the Association requested that the Rauns be
10 substituted as the party of interest.  ECF No. 25.  The Court granted this request by
11 Order dated March 29, 2012.  ECF No. 34.

12                              *Discussion*

13   Article III of the United States Constitution limits the jurisdiction of federal
14 courts to "Cases" or "Controversies."  U.S. Const. art. III, § 2, cl. 1.  The mootness
15 doctrine stems from this constitutional provision and requires that a live
16 controversy exist at all stages of federal court proceedings.  *Pitts v. Terrible*
17 *Herbst, Inc.*, 653 F.3d 1081, 1086 (9th Cir. 2011).  When an event occurs that
18 prevents the court from granting relief, the claim is moot and must be dismissed.
19 *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997).
20

ORDER DENYING RESPONDENTS' MOTION TO DISMISS APPEAL AS MOOT ~ 8

1  The Caudill Investors argue that the foreclosure sale operates to moot the
2  quiet title action.  The Caudill Investors contend that the foreclosure sale
3  extinguished all subordinate interests in the land, including the Rauns' interests.
4  The Rauns respond that their interests in the land were protected by 1) the lis
5  pendens that the Association filed and recorded in connection with its original
6  superior court action, and 2) the stipulation entered into by the Association and the
7  Caudill Investors.

8  The Court finds that the lis pendens does not apply to a party that takes title
9  to a deed of trust entered into and recorded before the underlying action.  However,
10 the Court further finds that the stipulation prohibits the Caudill Investors from now
11 arguing that the appeal is moot.  In addition, the Court notes that the Rauns'
12 interests were senior to the Caudill Deed of Trust and would not be extinguished
13 by the trustee's sale in any event.

14  *A. The Lis Pendens*

15  The Association filed and recorded a lis pendens at the inception of their
16 case in Spokane Superior Court.  ECF No. 22-1.  Under Washington law, a lis
17 pendens functions as constructive notice of the pending suit to any purchaser or
18 encumbrancer of the property.  RCW 4.28.320.  As such, the interest obtained by
19 any subsequent purchaser or encumbrancer will be subject to any judgment issued
20 in the pending suit.  *Id.*  A lis pendens has no effect on the substantive rights of the

ORDER DENYING RESPONDENTS' MOTION TO DISMISS APPEAL AS MOOT ~ 9

parties, but merely forces any person subsequently obtaining an interest in the land to join the action or be bound by the judgment. *Merrick v. Pattison*, 85 Wn. 240, 245 (1915).

The Caudill Investors took title to the Clare House property pursuant to a trustee's sale. Under Washington law, a trustee's deed gives the purchaser at sale the interest the grantor had when he executed the deed of trust. RCW 61.24.050. The grantor, Clare House, executed the Caudill Deed of Trust well before the Association commenced its action and filed the lis pendens. A lis pendens has no effect on property rights already existing at the time the lis pendens is filed. *E.g.*, *Ligon v. City of Detroit*, 739 N.W.2d 900, 905-06 (Mich. Ct. App. 2007).

Because the Caudill Investors took title pursuant to the Caudill Deed of Trust, and the Caudill Deed of Trust was executed and recorded before the lis pendens was entered, the Caudill Investors' purchase at the trustee's sale was not subject to the lis pendens. Neither the Rauns nor the Association sought to restrain the trustee's sale or attack the validity of the deed of trust;[1] thus, any purchaser taking title at a trustee's sale was not put on notice that the sale itself could potentially be invalidated. *Cf. Miller Grading Contractors, Inc. v. Georgia Fed. Sav. & Loan Ass'n*, 279 S.E.2d 442, 444 (Ga. 1981) (holding that a lis pendens did

---

[1] While the Association's original complaint in Spokane County Superior Court did seek to restrain the trustee's sale, ECF No. 4-3, the Association subsequently entered into a stipulation agreeing not to restrain the sale. ECF No. 22-2.

ORDER DENYING RESPONDENTS' MOTION TO DISMISS APPEAL AS MOOT ~ 10

not "chill the bidding" at foreclosure sale because the pending action did not challenge foreclosure sale itself or the security deed).

*B. The Stipulation*

On August 4, 2009, while the quiet title action was pending in Spokane Superior Court, counsel for the Association entered into a stipulation with counsel for the Caudill Investors and John P. Gleesing, Trustee for the Caudill Deed of Trust. ECF No. 22-1. Pursuant to the stipulation, the Association agreed "not to seek to restrain the Trustee's Sale scheduled for August 21, 2009." ECF No. 22-2, at 2. In return, the Caudill Investors and the Trustee agreed that the Association reserved all its claims and defenses, and that the Caudill Investors "will not claim that the fact the Trustee's Sale has been held and a deed issued operates as a defense to the Association's claims . . . ." ECF No. 22-2, at 2. The stipulation further provided:

> In the event that the Trustee's Sale set for August 21, 2009 is not successfully completed on the date set or any continued date set by the Trustee, then this Stipulation shall be held for naught and not filed with the Court. This Stipulation shall only be filed with the Court after the successful completion of the Trustee's Sale on the date set or any continued date set by the Trustee.

ECF No. 22-2, at 3.

The Caudill Investors note that the stipulation was not filed with the superior court or the bankruptcy court. But according to the terms of the stipulation, the parties were not to file the stipulation with the court until *after* the trustee's sale.

ORDER DENYING RESPONDENTS' MOTION TO DISMISS APPEAL AS MOOT ~ 11

The trustee's sale did not occur until September 30, 2011, after the case was removed to bankruptcy court and after the bankruptcy court issued its judgment in the matter. If the Association had filed the stipulation before that time, they would have been violating the terms of the agreement.

The Caudill Investors further contend that the stipulation was meant only to apply to the trial phase of the litigation, and once final judgment was entered in the bankruptcy court, the parties' respective obligations under the stipulation were extinguished. But the stipulation itself contains no such limitation. In the absence of language to the contrary, the Court assumes that the parties intended for the stipulation to apply during all phases of review of the matter.

Typically, the stipulation probably would not bind a third party who purchased the land at a trustee's sale, because that third party likely would not be in privity with the party who had entered into the stipulation. But in this case, the same party who entered into the stipulation, the Caudill Investors, was the purchaser at the trustee's sale. Therefore, the Court finds that the Caudill Investors are bound by the stipulation and may not now claim that the Rauns' appeal is mooted by operation of the trustee's sale.

*C. Order of Interests*

Under Washington law, a trustee's deed gives the purchaser at the trustee's sale the interest the grantor had when he executed the deed of trust. RCW

ORDER DENYING RESPONDENTS' MOTION TO DISMISS APPEAL AS MOOT ~ 12

61.24.050.  All junior liens and interests on the property are extinguished.  *Glidden v. Mun. Auth. of Tacoma*, 111 Wn. 2d 341, 347 n.3 (1988).  However, all superior liens and interests remain attached to the property.  *Mann v. Household Fin. Corp. III*, 109 Wn. App. 387, 392-93 (2001).

The Rauns are the only appellants left in this action.  ECF No. 36.  The Rauns entered into and recorded their Resident Agreement before the grantor, Clare House, executed the Caudill Deed of Trust.  ECF No. 5-18, at 8.  The Rauns' interests were superior to the interest Clare House had when it executed the Caudill Deed of Trust and remain on the land despite the trustee's sale.  Therefore, the Court concludes that the Rauns' case has not been mooted by the foreclosure sale in any event.

Accordingly, **IT IS HEREBY ORDERED** that the Caudill Investors' Motion to Dismiss, **ECF No. 14**, is **DENIED.**

The District Court Executive is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 27th day of September, 2012.

> *s/ Rosanna Malouf Peterson*
> ROSANNA MALOUF PETERSON
> Chief United States District Court Judge

ORDER DENYING RESPONDENTS' MOTION TO DISMISS APPEAL AS MOOT ~ 13